## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **ALBERT FRANKLIN LANKSTER,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 1:23-00191-TFM-N** |
| | ) | |
| **ALABAMA POWER,** | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

This action is before the Court[1] on a motion to dismiss with brief in support filed by Defendant Alabama Power Company ("Alabama Power") on July 5, 2023. (Docs. 10, 11). Upon consideration and for the reasons stated herein, the undersigned **RECOMMENDS** Alabama Power's motion be **GRANTED**, such that Lankster's amended complaint (Doc. 8) be **DISMISSED without prejudice** for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

### I.    *Procedural and Factual Background*[2]

Plaintiff Albert F. Lankster ("Lankster"), who is proceeding *pro se*, initiated this action by filing a civil complaint against Alabama Power on May 22, 2023. (Doc. 1).[3] The operative amended complaint was filed June 20, 2023. (Doc. 8). Alabama

---

1 The District Judge assigned to this case has referred this action to the undersigned Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to S.D. Ala. GenLR 72 and in accordance with 28 U.S.C. § 636(b)(1). (Doc. 3).

2 At this stage, well-pleaded facts are accepted as true and construed in the light most favorable to the non-movant. *Speaker v. United States HHS CDC & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (citation omitted). *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (noting applicability of Fed. R. Civ. P. 12(b)(6) safeguards to a Fed. R. Civ. P. 12(b)(1) facial attack).

3 Lankster filed a contemporaneous motion to proceed *in forma pauperis* ("IFP") that was in substantial compliance with 28 U.S.C. § 1746, thus constituting an unsworn declaration made under

1

Power filed its motion to dismiss with brief in support on July 5, 2023. (Docs. 10, 11). Lankster filed an opposition response (Doc. 15), Alabama Power replied (Doc. 16), and the motion to dismiss was taken under submission August 6, 2023. (*See* Doc. 13).

The factual allegations of the amended complaint are not entirely clear, though Plaintiff appears to levy two different, but interconnected, sets of allegations against Alabama Power related to power transmission wires installed and maintained by the company. (Doc. 8). The first relates specifically to power lines near Lankster's property, and he avers Alabama Power has "slowly driven [him] away from his home" in the last 20 years "by adding more and more power transmission distribution wires" that make his home "unsafe to live in." (*Id.*). The second appears to relate to Alabama Power's placement of power lines generally, and Lankster proffers the company's placement of the same is motivated by some sort of racial animus. (*Id.*). For support on both assertions, Lankster points to the several attachments included alongside his complaint which, according to Plaintiff, show his "past injuries in this regard." (*Id.*). (*See* Doc. 8-1).[4] Lankster seeks $200,000 in compensatory damages – which he

---

penalty of perjury. (Doc. 2). Based upon the representations therein, the undersigned found Lankster did not satisfy the requirement of poverty, and the IFP motion was denied. (Doc. 4). *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004 (per curiam). Lankster subsequently paid the filing fee for this action, which was received by the Court on June 20, 2023. (Doc. 7).

4 These attachments include: (1) a document self-styled "Plaintiff's Jurisdiction Treaties and Supporting Evidence," which makes an argument on subject matter jurisdiction and appears to assert Alabama Power's placement of power lines is racially motivated (Doc. 8-1, PageID.58-59); (2) a 2001 letter to Lankster from the Department of Justice relating to an apparent civil rights complaint filed by Lankster against the Alabama Administrative Office of Courts (hereinafter "Exhibit 1") (Doc. 8-1, PageID.60); (3) a March 2023 letter to Lankster from Alabama Power giving notice of "construction and maintenance activities that are occurring on a transmission line located in the Alabama Power right of way that crosses [Plaintiff's] property" (hereinafter "Exhibit 2") (Doc. 8-1, PageID.61); (4) Lankster's first-person account – styled as an "incident report" in connection to a purported insurance claim – of a November 2002 incident when power lines near his home allegedly "exploded" causing "overexposure to electromagnetic radiation," along with photos of the power lines outside his home

explains was the purchase price of his home at the time it was "safe" – as well as punitive damages. (Doc. 8).

## II.   *Legal Standards*

Alabama Power's motion to dismiss proceeds via two routes. First, Defendant brings a facial attack under Fed. R. Civ. P. 12(b)(1), moving for dismissal based on a lack of subject matter jurisdiction. (Docs. 10, 11). Alternatively, Defendant moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (*Id*.). Under both legal standards, Plaintiff "is afforded safeguards" in the form of the Court's taking as true the non-conclusory allegations of the complaint. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (citation omitted). *See Barber v. Cellco P'ship*, 2016 U.S. Dist. LEXIS 67311, *6 (M.D. Ala. Apr. 20, 2016) (citing *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007) ("The Court is 'not required to accept mere conclusory allegations as true, nor are we required to accept as true allegations in the complaint that are contrary to factual details presented in the exhibits.'").

Under Fed. R. Civ. P. 12(b)(1):

A federal court may dismiss a federal question claim for lack of subject matter jurisdiction only if: (1) the alleged claim under the Constitution

---

(hereinafter "Exhibit 3") (Doc. 8-1, PageID.62-67); (5) a copy of the check used to pay the filing fee for this action (hereinafter "Exhibit 4") (Doc. 8-1, PageID.68); (6) a 2010 notice from the Supreme Court notifying Plaintiff that certiorari was denied in a case styled *Albert F. Lankster v. City of Linden, Alabama*, 2:09-cv-00250-CG-N (S.D. Ala. 2009) (hereinafter "Exhibit 5") (Doc. 8-1, PageID.69); (7) a 2009 letter addressed to the undersigned relating to the *Lankster v. City of Linden* case (hereinafter "Exhibit 6") (Doc. 8-1, PageID.70); (8) a copy of this Court's order dismissing *Lankster v. City of Linden* as frivolous under 28 U.S.C. § 1915 (hereinafter "Exhibit 7") (Doc. 8-1, PageID.71); (9) a screenshot of an undated Facebook post by Lankster depicting power lines over "the all black school" in Linden, Alabama (hereinafter "Exhibit 8") (Doc. 8-1, PageID.72); and (10) a copy of the November 2014 edition of "The Linden Times" that appears to be overlayed with an image of a PBS documentary called "Slavery by Another Name" (hereinafter "Exhibit 9") (Doc. 8-1, PageID.73).

> or federal statutes clearly appears to be immaterial and made solely for
> the purpose of obtaining jurisdiction; or (2) such a claim is wholly
> insubstantial and frivolous.

*Resnick v. KrunchCash, LLC*, 34 F.4th 1028, 1034 (11th Cir. 2022) (citations omitted).

A dismissal under this rule is proper if a plaintiff's claim has "no plausible foundation,

or [if] the court concludes that a prior Supreme Court decision clearly forecloses the

claim." *Barnett v. Bailey*, 956 F.2d 1036, 1041 (11th Cir. 1992) (citations omitted)

(alteration in original).

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss a complaint for

failure to state a claim upon which relief can be granted. To survive a motion to

dismiss, a complaint must contain "enough facts to state a claim to relief that is

plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see

also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'" (citation omitted)). Facial plausibility is present

"when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged … [this standard]

asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at

678. Put simply, "[f]actual allegations must be enough to raise a right to relief above

the speculative level," and must be a "'plain statement' possess[ing] enough heft to

'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557 (second

brackets in original). "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. At

this stage, well-pleaded facts are accepted as true construed in the light most favorable to the non-movant. *Speaker v. United States HHS CDC & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (citation omitted).

### III.   *Analysis*

#### A.  **Subject Matter Jurisdiction**

The undersigned will first address Defendant's facial attack under Fed. R. Civ. P. 12(b)(1) given that district courts "have an independent obligation to determine whether subject-matter jurisdiction exists" in any given case. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). In federal court, "if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). *See Trump v. United States*, 54 F.4th 689, 697 (11th Cir. 2022) ("Because federal courts lack general jurisdiction, it is presumed that a cause lies outside of our limited jurisdiction. The burden on establishing the contrary rests upon the party asserting jurisdiction." (cleaned up)); *Barber*, 2016 U.S. Dist. LEXIS 67311 at *5 ("The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction." (citations omitted)). Thus, while Plaintiff's non-conclusory allegations are accepted as true for purposes of the present motion's disposition, the burden remains on him in the first instance to assure this Court of subject matter jurisdiction over his claim(s).

Article III of the United States Constitution limits the subject-matter jurisdiction of federal courts to certain justiciable "Cases" and "Controversies." U.S. Const. art. III, § 2. Because federal courts are courts of limited jurisdiction, generally

only cases that involve federal questions or that meet the requirements for diversity jurisdiction can be considered. 28 U.S.C. §§ 1331, 1332. As the Supreme Court articulated in *Arbaugh*:

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "federal-question" jurisdiction, § 1332 for "diversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. *See Bell v. Hood*, 327 U.S. 678, 681-685, 66 S. Ct. 773, 90 L. Ed. 939 (1946). She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $ 75,000. *See* § 1332(a).

546 U.S. at 514.

Lankster's amended complaint does not specify whether he intends to invoke diversity jurisdiction under § 1332 or federal question jurisdiction under § 1331.[5] Instead, in the section of his amended complaint entitled "Jurisdictional Statement," he asserts the following:

> The Plaintiff contends that the Constitution, in Spirit And or in letter confers, in the least, some kind of Equity Jurisdiction upon this Court, through Citizenship Rights, Equal Protection, Due Process, or Unjust Enrichment – take your choice.

(Doc. 8, PageID.56). Included with his amended complaint is also a document entitled "Plaintiff's Jurisdiction Treaties and Supporting Evidence," wherein he asserts a federal question exists based on the Thirteenth, Fourteenth and Fifteenth Amendments. (Doc. 8-1, PageID.58). He specifically frames his case as asserting the following question: "[I]s the life or lives of African Americans valued, in the eyes of

---

5 Given Plaintiff's indication that both he and Defendant are citizens of Alabama, diversity jurisdiction is lacking on the face of the amended complaint. 28 U.S.C. § 1332. (*See* Doc. 8, PageID.55).

the law, the same as the lives of European American Immigrants." (*Id.*). Liberally construed, Plaintiff's amended complaint attempts to invoke either federal question jurisdiction or equity jurisdiction. Both are discussed below.

     1. *Federal Question Jurisdiction*

  A plaintiff can properly invoke federal question jurisdiction pursuant to 28 U.S.C. § 1331 "when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Hakki v. Sec'y*, 7 F.4th 1012, 1031 (11th Cir. 2021) (citing *Arbaugh*, 546 U.S. at 513). *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) ("It is long settled that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law.") (citation omitted)). A well-pleaded complaint raises a federal question when it "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Smith v. GTE Corp.*, 236 F.3d 1291, 1310 (11th Cir. 2001) (citation omitted).

  Even liberally construed, Lankster fails to point to any federal statute or law that creates a cause of action which would give this Court federal question jurisdiction over his claims. While he cites generally to the Thirteenth, Fourteenth and Fifteenth Amendments, those amendments do not serve as a basis for asserting a cause of action against Alabama Power based on power lines near Plaintiff's home that he believes to be "unsafe." (Doc. 8). The same can be said as to Plaintiff's general invocation of citizenship rights, equal protection, due process and/or unjust enrichment. (*Id.*). To the extent he utilizes the self-styled "incident report" describing

a 2002 incident where power lines allegedly caused an "explosion" near his home that resulted in "acute overexposure to electromagnetic radiation," those allegations relate to an incident nearly 21 years ago for which the statute of limitations has long run. Moreover, even if timely, the undersigned does not see how an explosion of power lines would result in a colorable claim under the Thirteenth, Fourteenth or Fifteenth Amendments, nor a claim predicated upon citizenship rights, equal protection, due process and/or unjust enrichment, nor has Lankster pointed to any caselaw or statutory support for an assertion to the contrary.

Further, even if the "arising under" prong of federal question jurisdiction were satisfied by Plaintiff's invocation of the above-noted grounds, his claim is not colorable because it is frivolous. *Hakki*, 7 F.4th at 103. *See Arias v. United States AG*, 482 F.3d 1281, 1284 n.2 (11th Cir. 2007) ("For a constitutional claim to be colorable, the alleged violation need not be substantial, but the claim must have some possible validity." (citation omitted)). Lankster's claim does not meet the necessary threshold of validity on either the claim specific to him nor the general allegation that Alabama Power's placement of power lines is racially motivated. Under both approaches, the underlying basis for Lankster's claim(s) are that the power lines are "unsafe." The only support for this assertion is Lankster's conclusory allegation of the same.

### 2. *Equitable Jurisdiction*

To the extent Lankster seeks for this Court to invoke equitable jurisdiction, it declines to do so here. The Eleventh Circuit recently re-iterated equitable jurisdiction should be exercised in "[o]nly the narrowest of circumstances" and "in exceptional

cases where equity demands intervention." *Trump*, 54 F.4th at 697. Based on the allegations of Plaintiff's complaint, the undersigned does not find a sufficient basis for invoking equitable jurisdiction.

### B. Failure to State a Claim

Alternatively, Lankster fails to state a claim upon which relief can be granted. Under Fed. R. Civ. P. 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678. *See id.* (explaining pleadings with only "labels and conclusions" or "naked assertions devoid of further factual enhancement" are insufficient) (internal citations and quotation omitted)). Moreover, to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter to state a plausible claim on its face. *Id.* While complaints filed by *pro se* litigants are "liberally construed" and "held to less stringent standards" than complaints drafted by attorneys, "this leniency does not give the court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

Lankster's amended complaint simply does not contain sufficient factual matter to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. As a starting point, the amended complaint does not satisfy Rule 8(a)(2) because, even liberally construed, the undersigned cannot identify from Lankster's amended complaint exactly what

cause(s) of action he intends to bring against Alabama Power. While clear enough that Lankster believes the power lines near his home (and those placed elsewhere) are "unsafe," there is no support for such an allegation apart from Lankster's conclusory assertion. The same is true to the extent he generally asserts that Alabama Power places its power lines in a manner that is racially motived.

The attachments included alongside Lankster's amended complaint offer no support. For example, Plaintiff's Exhibits 1, 4, 5, 6, 7 and 9 make no reference to power lines, nor do they appear related to Lankster's assertion that the power lines are "unsafe." (*See* Doc. 8-1). While other attachments – including Exhibits 2, 3 and 8 – appear related to whatever claim(s) Lankster is seeking to bring against Alabama Power, they do not nudge them across the line into plausibility. While Lankster points to the Exhibit 3 self-styled "incident report" from 2003 in an attempt to show his claim(s) are not frivolous, even taking Lankster's assertions therein as true, the limitations period for any claim(s) arising from this incident has long passed. (*Id*). Plaintiff's Exhibit 2 – a 2023 letter from Alabama Power relating to upcoming construction and maintenance "in the Alabama Power right of way that crosses [Lankster's] property" – does not indicate any wrongful conduct by the company. (*Id*.). And finally, Plaintiff's Exhibit 8 – an image of his own undated Facebook post characterizing the placement of Alabama Power lines above "the all black school in Linden, Alabama" as a "public safety issue" – is not only predicated upon the conclusory assertion that those wires are "unsafe" in the first instance, but also fails to establish any racial animus by the company in its placement of said wires. (*Id*.).

## IV.     *Conclusion*

In sum, "[d]ismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation omitted). As explained above, this case presents such a situation. Accordingly, the undersigned **RECOMMENDS** that Alabama Power's motion to dismiss (Doc. 10) be **GRANTED**, such that Lankster's amended complaint be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 5th day of October 2023.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**